AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

##### DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

Hai Liu and Shengnan Wang
19 Madonna Street
Natick, Massachusetts

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05mj – 219-JLL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ____May 2, 2004____ in ____Suffolk____ county, in the ____ District of ____Massachusetts____ defendant(s) did, (Track Statutory Language of Offense) willfully use in connection with the purchase or sale of a security registered on a national securities exchange, a manipulative and deceitful device or contrivance in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, in violation of Title 15, U.S.C., Sections 78j(b) and 78ff(a), and 18 U.S.C., Section 2 (aiding and abetting); and corruptly obstruct and impede the due and proper administration of the law under which a pending proceeding is being had before an agency of the United States,

in violation of Title __18__ United States Code, Section(s) __1505__.

I further state that I am a(n) ____Special Agent____ and that this complaint is based on the following
                                        Official Title
facts:

See Affidavit of John P. Keelan

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

04-08-2005                                          at          Boston, Massachusetts
Date                                                                City and State

Joyce London Alexander
United States Magistrate Judge                      _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

# AFFIDAVIT OF JOHN P. KEELAN

I, John P. Keelan, being duly sworn, do depose and state:

1. I have been employed by the Federal Bureau of Investigation in the position of Special Agent since October 1998, and am currently assigned to the Boston, Massachusetts field office. I have received general law enforcement training in investigating securities fraud, mail and wire fraud, conspiracy, money laundering and other federal offenses. I also have conducted numerous investigations into allegations of such offenses, which have resulted in arrests, searches, and convictions of numerous subjects.

2. I make this affidavit in support of criminal complaints against and arrest warrants for Shengnan Wang and her husband, Hai Liu. The information in this affidavit is based largely on evidence provided to me by the Securities and Exchange Commission in connection with its investigation into the matters set forth herein. This evidence includes sworn SEC investigative testimony of Wang, Liu and others, as well as phone records, trading records, email, and other records obtained by the SEC either informally or by subpoena.

3. I have not included in this affidavit all the information known to me about the events and evidence described herein. Rather, this affidavit is submitted for the limited purpose of establishing a basis for probable cause to believe that Wang and Liu knowingly violated the federal securities laws and attempted to obstruct the SEC's investigation into their trading. In particular, this affidavit is to establish probable cause that Wang misappropriated material, nonpublic information from her employer, Citizens Financial Group, Inc. ("Citizens"), concerning Citizens' intention to acquire another bank, and thereafter conveyed that information to an acquaintance, who profited by trading in the securities of Citizens' target bank, in violation

1

of 15 U.S.C. § 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5 (securities fraud) and 18 U.S.C. § 2 (aiding and abetting). In addition, this affidavit is to establish probable cause that Wang and Liu obstructed justice in connection with the SEC's investigation, in violation of 18 U.S.C. § 1505.

### Wang's Understanding Concerning Citizens' Takeover Target

4. The materials from the SEC investigation, in particular the sworn SEC investigative testimony of Wang and her former co-workers at Citizens, reveal that commencing in November 2003, Wang worked in Boston, Massachusetts as an analyst in Citizens' Credit Portfolio Management Group ("CPMG"). I reviewed sworn testimony given by members of the CPMG, who explained that the CPMG is responsible for, among other things, developing methodologies for estimating loan loss reserves and providing quantitative analysis concerning retail and commercial loan portfolios. According to that testimony, the CPMG often participates in Citizens' due diligence efforts in connection with potential acquisitions. The due diligence effort ordinarily would entail an on-site inspection of the acquisition company's books. CPMG ordinarily would maintain strict confidentiality over its due diligence efforts, so as not to alert the financial markets of an impending merger. In practice this meant that members of the due diligence team would not be allowed to disclose to those not on the team information regarding the transaction, including the location of the acquisition target.

5. Based on my review of sworn testimony given by members of the CPMG, I learned that on Wednesday, April 28, 2004, certain members of the CPMG were informed that they would be conducting due diligence in connection with Citizens' potential takeover of Charter One Financial, Inc. ("Charter One"), a publicly-traded bank holding company headquartered in Cleveland, Ohio. According to testimony by Wang's boss, Wang was not on

the due diligence team for the Charter One merger, and, as such, she was not allowed to know, and was not meant to know, the target. Nonetheless, Wang testified that as of April 28, 2004, she suspected that Citizens was contemplating a big merger, and that she attempted to identify the target bank. That day she came across the travel itinerary of a member of the due diligence team indicating flight times, but not the team's destination. Wang testified that she logged onto the Internet on the evening of April 28, 2004 and determined that it was highly possible that the flight times of her colleague pertained to flights to and from Cleveland. Wang further testified that she thereafter entered the FDIC Web site to determine what banks were in Cleveland, and noted that Charter One, KeyCorp and National City Corporation were all located in Cleveland.

6. Based on security records provided by Citizens, Wang reported to work in Boston on Thursday, April 29, 2004 at approximately 8:02 a.m. Wang's boss testified that by that point, certain members of the due diligence team already had traveled to Cleveland.

7. I reviewed phone records that establish that at approximately 10:47 a.m., on April 29, 2004, a call was placed from a Cleveland-based telephone number to Wang's work line, lasting approximately one minute and 16 seconds. I also reviewed documents removed from Wang's work computer that establish that at approximately 11:22 a.m., Wang logged onto a reverse telephone directory Web site. Wang and Liu both testified that Wang also asked Liu to perform a reverse look up of a Cleveland, Ohio phone number. Wang also testified that she logged onto Key Bank's Web site and possibly the Web sites of Charter One and National City.

### Wang's Communications with Others

8. I reviewed telephone records that show that at approximately 11:36 a.m. on April 29, 2004, a call was placed from Wang's cell phone to a former CPMG co-worker (hereinafter

3

"the Acquaintance"). According to the telephone records that I reviewed, the telephone call between Wang and the Acquaintance lasted for approximately 10 minutes. I also reviewed sworn testimony given by the Acquaintance and Wang, which establishes that after leaving Citizens' CPMG in December 2003, the Acquaintance has operated an investment fund, into which Wang and her husband invested a total of $60,000 in February 2004.

9. I reviewed an e-mail exchange provided by the Acquaintance's brother, which reflected that at approximately 11:55 a.m. on April 29, 2004, the Acquaintance sent an e-mail to his brother, which stated: "Hey, I am speculating that Citizens will be buying some bank in Cleveland, OH. My guess is its [sic] either Key Corp or NCC or CF[1] in that order of likelihood. I will be buying the options for May and June today to take advantage of that." At 12:03 p.m., the Acquaintance's brother responded by e-mail with: "Is this pure speculation or is there some substance behind it? . . ." The Acquaintance e-mailed his brother back at 12:39 p.m. stating: "This is legit as it can be. I know the fact is true. I just don't know which one its [sic] going to be."

10. Based on sworn testimony given by Wang and certain of her co-workers, over the course of the next several days (April 29th through May 4th), Wang continued to gather further information concerning Citizens' specific takeover target. I have reviewed a number of telephone records, including records of the home, work and cellular phones of both Wang and the Acquaintance. Those records reveal that from April 29th through May 4th, several telephone calls took place between Wang's phones and the Acquaintance's phones.

11. I have also reviewed trading records that were provided by securities brokerage

---

[1] Based on my review of various records, I understand that "CF" was the ticker symbol for Charter One.

4

firms. Those records indicate that during the period from April 29th through May 4th, the Acquaintance purchased shares of Charter One common stock and call option contracts for Charter One. According to those records, the Acquaintance purchased those Charter One securities in various accounts, including his own accounts and in the account of the investment firm that he operated. In so doing, these accounts realized a gain of over $700,000. Nevertheless, Wang testified that she did not convey any inside information to the Acquaintance. Liu also testified that he was unaware of any inside information having been conveyed by him or Wang.

### The Takeover Announcement and Profits by the Acquaintance

12. According to the May 5, 2004 edition of the Boston Globe, after the stock market closed on May 4, 2004, Citizens publicly announced that it would acquire Charter One, pending regulatory and other approvals. I have reviewed records which reveal that Charter One's stock price increased from $35.95 per share when the stock market closed on May 4, 2004 to $43.86 per share when the market closed on May 5, 2004.

### Hai Liu's Communications With His Brother

13. Wang testified that she and Liu lived in Waltham, Massachusetts in the spring of 2004. Liu testified that he has a brother named Zheng Liu, who resides in California.

14. I have reviewed telephone records, which reveal that between 3:38 p.m. and 9:54 p.m. on April 28, 2004, telephone calls were placed from Hai Liu to Zheng Liu on three separate occasions. Zheng Liu testified that he believed his brother tipped him during one of those calls that Key Bank or National City were likely takeover targets. According to Zheng Liu's testimony, he presumed that information originated from Wang, because he understood that

Wang, his sister-in-law, worked at a bank. As Zheng Liu testified, because of Hai Liu's tip causing Zheng Liu "to believe an acquisition is probably more likely to happen," Zheng Liu purchased Key Bank and National City securities on April 29 and 30, 2004.

15. I have reviewed telephone records which reveal that on April 30, 2004 at 6:14 p.m., a call was placed from Hai Liu's phone to Zheng Liu's phone. Zheng Liu testified that during that call, Hai Liu again advised him of potential acquisition targets.

16. Phone records that I reviewed indicate that on May 3, 2004, at 10:02 and 10:03 a.m., calls were placed from Hai Liu's phone to Zheng Liu's phone. Zheng Liu testified that during one of those calls, Hai Liu "told [Zheng Liu] that Charter One is an acquisition target and urged [Zheng Liu] to trade." Zheng Liu further testified that he "assumed it must be from [Hai Liu's] wife because [Hai Liu] told [Zheng Liu] his wife is working at a bank . . . so [Zheng Liu] just assumed it must be some kind of tip." According to Zheng Liu, later that day, he purchased Charter One securities.

17. I have reviewed an e-mail provided by Zheng Liu, which indicates that on May 4, 2004 Hai Liu wrote Zheng Liu an e-mail that stated: "(By the way), the news will be out tomorrow noontime, you can put more." Zheng testified that he understood that e-mail to be a follow-up from the conversation the day before.

### The SEC Investigation

18. Based on discussions I have had with SEC officials, I understand that since May 2004, the SEC has been investigating trading in Charter One securities in advance of the Citizens/Charter One acquisition announcement.

19. Zheng Liu testified that Hai Liu advised him of the existence of an investigation

concerning trading in advance of the Citizens/Charter One transaction, and that they spoke several times about that topic during the latter half of 2004. Zheng Liu testified that during one of these calls, Hai Liu stated that his wife tipped at least one friend. Zheng Liu further testified that during one of those conversations, he told Hai Liu, 'Look, you gave me the tip but I also look [sic] at information on the internet,' to which Zheng Liu testified that Hai Liu responded by asking: "Where can I find that information?" Also during one of those conversations, Zheng Liu testified that Hai Liu said to him: 'Oh, now people are come looking. Delete your e-mail,' to which Zheng Liu testified that he responded: 'Did you write your tips in e-mail.' Zheng Liu testified that Hai Liu responded in the negative.

20. Zheng Liu further testified that "I was aware on three occasions that my brother did not call me from his own phone" in September and October 2004. Zheng Liu further testified that Hai Liu "told me he could not call from his phone because he's afraid to get me involved." In one of those calls, Zheng Liu testified that Wang and Hai Liu called Zheng Liu from a pay phone and "they sounded really stressed." In a subsequent call, Zheng Liu testified that Hai Liu "told me that the investigation is emotionally painful." According to Zheng Liu's testimony, Hai Liu also "disclosed to me that he had a option account" and "he told me that he did not disclose the option account to the investigator."

21. Both Wang and Liu are Chinese nationals and are not citizens of the United States. They have no children, little equity in their home, and few other assets.

22. Based on my investigation, I believe probable cause exists to conclude that Wang and Hai Liu conspired to violate, and in fact violated federal securities laws by misappropriating material, non-public information regarding the Citizens/Charter One merger, in violation of 15

7

U.S.C. § 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5 (securities fraud) and 18 U.S.C. § 2 (aiding and abetting) and obstructed the SEC investigation that followed, in violation of 18 U.S.C. § 1505.

_____
John P. Keelan
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this _8_ day of April 2005.

_____
U.S. Magistrate Judge

**Criminal Case Cover Sheet**                                      **U.S. District Court - District of Massachusetts**

Place of Offense: __Massachusetts__    Category No. __II__    Investigating Agency __FBI__

City __Natick__                        Related Case Information:

County __Middlesex__                   Superseding Ind./ Inf. _____    Case No. _____
                                       Same Defendant _____    New Defendant _____
                                       Magistrate Judge Case Number _____
                                       Search Warrant Case Number _____
                                       R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name    __Shengnan Wang__                     Juvenile    ☐ Yes    ☒ No

Alias Name    _____

Address    __19 Madonna Street, Natick, Massachusetts 01760__

Birth date (Year only): __1976__   SSN (last 4 #): __5791__   Sex __F__   Race: __Asian__   Nationality: __Chinese__

Defense Counsel if known:    __Sheila Sawyer__          Address: __Foley Hoag LLP, 155 Seaport Blvd.__
                                                                 __Boston, MA 02210__
Bar Number: _____

**U.S. Attorney Information:**

AUSA   __Jonathan Mitchell__                Bar Number if applicable   __629499__

Interpreter:    ☐ Yes  ☒ No        List language and/or dialect:    _____

Matter to be SEALED:   ☒ Yes    ☐ No

   ☒ Warrant Requested            ☐ Regular Process            ☐ In Custody

**Location Status:**

Arrest Date:   __April 8, 2005__

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____   ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:    ☒ Complaint      ☐ Information       ☐ Indictment

Total # of Counts:    ☐ Petty _____   ☐ Misdemeanor _____   ☒ 1 Felony _____

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: __4/8/05__                Signature of AUSA: _____

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Shengnan Wang

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 15 U.S.C. §§ 78j(b) | Securities Fraud | 1 |
| Set 2 | and 78ff(a) | | |
| Set 3 | 18 U.S.C. § 2 | Aiding and Abetting | 1 |
| Set 4 | 18 U.S.C. § 1505 | Obstruction of Justice | 1 |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

**Criminal Case Cover Sheet**         U.S. District Court - District of Massachusetts

**Place of Offense:** Massachusetts    **Category No.** II    **Investigating Agency** FBI

**City** Natick    **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name: Hai Liu        Juvenile  [ ] Yes  [x] No

Alias Name: _____

Address: 19 Madonna Street, Natick, Massachuetts 01760

Birth date (Year only): 1974    SSN (last 4 #): 7517    Sex: M    Race: Asian    Nationality: Chinese

**Defense Counsel if known:** Mark Smith    **Address:** Laredo & Smith, 15 Broad Street, Boston, MA 02109

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA: Jonathan Mitchell    Bar Number if applicable: 629499

Interpreter:  [ ] Yes  [x] No    List language and/or dialect: _____

Matter to be SEALED:  [x] Yes  [ ] No

[x] Warrant Requested    [ ] Regular Process    [ ] In Custody

**Location Status:**

Arrest Date: April 8, 2005

[ ] Already in Federal Custody as _____ in _____.
[ ] Already in State Custody _____    [ ] Serving Sentence    [ ] Awaiting Trial
[ ] On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**   [x] Complaint   [ ] Information   [ ] Indictment

**Total # of Counts:**   [ ] Petty   [ ] Misdemeanor   [1] Felony

Continue on Page 2 for Entry of U.S.C. Citations

[x] I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 4/8/05    Signature of AUSA: _____

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Hai Liu _____

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 15 U.S.C. §§ 78j(b) | Securities Fraud | 1 |
| Set 2 | and 78ff(a) | | |
| Set 3 | 18 U.S.C. § 2 | Aiding and Abetting | 1 |
| Set 4 | 18 U.S.C. § 1505 | Obstruction of Justice | 1 |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**